## FARR v. GYLES.

A decision, in a civil suit, declaring a witness not entitled to credit, cannot render him there-
after incompetent to testify; though it may greatly affect his credibility.

APPEAL from the District Court of Jefferson, Clarke, J. Hoffman and
Halsey, for the plaintiff. Prentiss and Finney, for the appellant. The
judgment of the court was pronounced by

ROST, J. This is a suit similar to that of Fink v. Lewis, reported in 1 An.
p. 395. The plaintiff seeks to recover the amount of a promissory note of
the defendant's, sold, after maturity, as one of the credits belonging to the
insolvent Thomas Powell. The defence is payment; and Powell swears, as
he did in the former case, that the note was satisfied by the defendant, before
his (Powell's) failure. The plaintiff adduced the same evidence by which the
credibility of this witness was impeached in the case of Lewis. There was
judgment in his favor, and the defendant appealed.

The question presented for our consideration is a question of fact, upon
which the opinion of the district judge would be entitled to great weight, if it
appeared from the judgment that he had acted upon the testimony of Thomas
Powell, but had not given it faith. The reasons given by the judge are as fol-
lows:

" The Supreme Court have, in a recent case, declared Powell to be an
incredible witness. We consider that decision an estoppel to any enquiry by
the present court into his competency and credibility."

These reasons are unsatisfactory. The decision of this court in a civil suit
cannot render a witness incompetent to testify, though it may greatly affect his
credibility. The court meant, in the former case, that the testimony of Pow-
ell, unsupported by corroborating circumstances, was not sufficient to prove any
fact. But the law must have an object in allowing him to testify, and attach
some weight, however small, to his declarations, when they are consistent, made
in apparent good faith, and corroborated by circumstances which render their
truth highly probable. This, however, can only be ascertained in the District
Court, where the witness appears before the judge.

Without expressing any opinion in relation to the corroborating circumstan-
ces alleged by the defendant's counsel, we consider that the district judge
should have received the testimony of Powell, and passed upon it; and we re-
mand the case, in order that this error may be corrected.

It is ordered that the judgment in this case be reversed, and the case re-
manded for further proceedings; the plaintiff and appellee paying the costs of
this appeal.